## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **KENNETH WHITWORTH** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:06-cv-489** |
| | § | |
| **LAW ENFORCEMENT** | § | |
| **ASSOCIATES, INC.** | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kenneth Whitworth brought this action against Defendant Law Enforcement

Associates, Inc. ("LEA") for employment discrimination in violation of the Americans with

Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*., and for intentional infliction of

emotional distress. Pending before the Court is LEA's Motion for Summary Judgment (Doc.

No. 22). For the reasons set forth below, the Court grants the motion in part and denies the

motion in part.

### I. Background

LEA employed Whitworth as a regional sales manager from May 2004 until July

2005. Whitworth's primary responsibilities included contacting customers, selling products,

ensuring delivery, and assisting customers on the use of products he sold. He spent the

majority of his work week traveling over a five state region.

In July 2004, Whitworth was involved in an automobile accident resulting in a

concussion, fractured shoulder, bruising, and a collapsed lung and was hospitalized for two

days.  Per his doctor's orders, he was restricted from traveling and performing heavy lifting.

Whitworth informed his supervisor that he was on travel restrictions and, as a result, LEA

allowed Whitworth to work from his home while recovering from the accident.  Sometime

in late August or September 2004, Whitworth's doctor released him from all travel

restrictions, and he began to travel again.

In April 2005, Whitworth was diagnosed with pancreatic cancer and was told he had

spots on each lung.  Soon after his diagnosis, Whitworth began to undergo various

procedures, including two biopsies, and stomach surgery on June 4, 2005, which was

expected to require a two to four week recovery period.  During this time, Whitworth was

never put on work restrictions, he never requested an adjustment to his work schedule, and

he assured his supervisor that he would continue to work by telephone.

After his stomach surgery, Whitworth informed his supervisor that he would need an

additional surgery in July along with radiation and chemotherapy treatments.  Despite

Whitworth's assurances of his ability to continue performing some of his job duties, in late

June 2005 while Whitworth was still recovering from his surgery, Whitworth was informed

by LEA that he was being terminated because his sales were not up to LEA's expectations.

Whitworth was terminated on July 29, 2005.

Whitworth admits his sales were not up to expectation.  However, he argues that LEA

knew about his medical condition and understood that his condition would and did affect his

sales.  Whitworth alleges that LEA fired him because LEA regarded him as having a

substantially limiting impairment and that he had a record of such impairment. Consequently, Whitworth brought suit against LEA for employment discrimination and for intentional infliction of emotional distress.

## II. LEA's Motion for Summary Judgment

LEA argues it is entitled to summary judgment on all of Whitworth's claims. As to Whitworth's claim under the ADA, LEA argues that Whitworth did not have a "disability" as the term is defined by the ADA and even if Whitworth did have a "disability," LEA fired Whitworth for performance issues, not his medical condition. As to the claim for intentional infliction of emotional distress, LEA argues that its decision to terminate Whitworth was not extreme and outrageous, and even if that decision was extreme and outrageous, Whitworth's resulting emotional distress was not sufficiently severe to be compensable.

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). The moving party must show initially that there is no genuine issue concerning any material fact in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 256 (1986). A fact is "material" if it might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248; *Merritt-Campbell, Inc. v. RxP Products, Inc.*, 164 F.3d 957, 961 (5th Cir.

1999).  Issues of material fact are "genuine" only if they require resolution by a trier of fact and if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party.  *Anderson*, 477 U.S. at 248;  *Merritt-Campbell, Inc.*, 164 F.3d at 961.  The moving party may also meet its summary judgment burden by pointing to the absence of evidence supporting any non-movant's claim.  *Celotex Corp.*, 477 U.S. at 325.

Once the moving party has satisfied its burden, the party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials in its pleading, but must "set forth specific facts showing that there is a genuine issue for trial."  *Anderson*, 477 U.S. at 256.  The non-movant is required to identify evidence in the record and articulate the manner in which that evidence supports its claim.  *Ragas*, 136 F.3d at 458.  If the non-movant fails to set forth specific facts to support an essential element in that party's claim and on which that party will bear the burden of proof at trial, then summary judgment is appropriate.  *Celotex Corp.*, 477 U.S. at 322–23.

When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Merritt-Campbell, Inc.*, 164 F.3d at 961.  "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment."  *Anderson*, 477 U.S. at 248.  Irrelevant or unnecessary factual disputes should not be considered.  *Id*.

### III. Americans with Disabilities Act

The ADA provides that "no covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to . . . [the] discharge of employees." 42 U.S.C. § 12112(a) (2006); *see Flowers v. S. Reg'l Physician Servs., Inc.*, 247 F.3d 229, 233 (5th Cir. 2001). "The ADA prohibits discrimination on the basis of disability to ensure that such individuals are not denied jobs or other benefits because of the prejudiced attitudes or the ignorance of others." *Deas v. River W., L.P.*, 152 F.3d 471, 482 (5th Cir. 1998).

Under the McDonnell Douglas burden-shifting framework, Whitworth must first present a *prima facie* case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). If Whitworth presents a case of discrimination, LEA must then articulate a legitimate, non-discriminatory reason for the adverse employment action. *Id.* If LEA meets its burden, Whitworth must offer sufficient evidence to create a genuine issue of material fact that either: (1) LEA's reason is not true but is instead a pretext for discrimination, or (2) LEA's reason, while true, is only one of the reasons for its conduct, and another motivating factor is Whitworth's disability. *See Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2005).

LEA argues that Whitworth cannot present a *prima facie* case of discrimination and even if Whitworth can present a case of discrimination, Whitworth has no evidence that LEA terminated Whitworth because of his disability.

## A. Prima Facie Case and Burden of Proof

To recover under the ADA, the plaintiff must prove he was discriminated against on the basis of his disability.  *See Talk v. Delta Airlines, Inc.*, 165 F.3d 1021, 1024 (5th Cir. 1999).  To establish a *prima facie* case of intentional discrimination, the plaintiff must show that:

(1) he has a disability as defined by the ADA;

(2) he is a "qualified individual" for the job; and

(3) the defendant made an adverse employment decision based on his disability.

*See Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 511 (5th Cir. 2003); *Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1092 (5th Cir. 1996).  Here, the parties dispute whether Whitworth has a "disability."

## 1. Existence of Disability under the ADA

The threshold requirement in any case brought under the ADA is a showing that the plaintiff suffers from a disability protected under the ADA.  *See Hamilton v. Sw. Bell Tel. Co.*, 136 F.3d 1047, 1050 (5th Cir. 1998).  "Whether a person has a disability under the ADA is an individualized inquiry."  *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 483 (1999).  The ADA defines a disability as:

(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;

(B) a record of such an impairment; or

(C) being regarded as having such an impairment.

42 U.S.C. § 12102(2);  *see Dupre v. Charter Behavioral Health Sys. Inc.*, 242 F.3d 610,

613 (5th Cir. 2001);  *Talk v. Delta Airlines, Inc.*, 165 F.3d 1021, 1024 (5th Cir. 1999).

Whitworth alleges that LEA terminated him because LEA regarded him as having an

impairment that substantially limited a major life activity and that Whitworth had a record

of such impairment.  The ADA restricts the meaning of physical or mental impairment to:

> (1) Any physiological disorder, or condition, cosmetic disfigurement, or
> anatomical loss affecting one or more of the following body systems; neurological,
> musculoskeletal, special sense organs, respiratory (including speech organs),
> cardiovascular, reproductive, digestive, genitor-urinary, hemic and lymphatic, skin,
> and endocrine; or

> (2) Any mental or psychological disorder, such as mental retardation, organic,
> brain syndrome, emotional or mental illness, and specific learning disabilities.

29 C.F.R. § 1630.2(h) (2007).  A mere impairment will not rise to the level of a disability.

*Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 195 (2002).  "The statute requires

an impairment that substantially limits one or more of the major life activities."  *Dutcher

v. Ingalls Shipbuilding*, 53 F.3d 723, 726 (5th Cir. 1995).

## 2. Impairment Substantially Limiting a Major Life Activity

"Major life activities means functions such as caring for oneself, performing manual

tasks, walking, seeing, hearing, speaking, breathing, learning, and working."  *Talk*, 165 F.3d

at1024-25 (quoting 29 C.F.R. § 1630.2(I)).  "The statutory language, requiring a substantial

limitation of a major life activity, emphasizes that the impairment must be a significant one."

*Deas*, 152 F.3d at  479 (quoting *Forrisi v. Bowen*, 794 F.2d 931, 933-34 (4th Cir. 1986)).

"Substantially limits" is defined as:

(i)     Unable to perform a major life activity that the average person in the general population can perform; or

(ii)    Significantly restricted as to the condition, manner, or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.

29 C.F.R. § 1630.2(j)(1).  The factors to be considered in determining whether an impairment

substantially limits a major activity include:

(1)     the nature and severity of the impairment;

(2)     its duration or expected duration; and

(3)     its permanent or expected permanent or long-term impact.

*Williams*, 534 U.S. at 195 (quoting 29 C.F.R. § 1630.2(j)(2)).  "Temporary, non-chronic

impairments of short duration, with little or no long term or permanent impact, are usually

not disabilities."  *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998).

While working is considered to be a major life activity, working "does not necessarily

mean working at a particular job of one's choice."  *Bridges v. City of Bossier*, 92 F.3d 329,

335 (5th Cir. 1996).  "The term substantially limits means significantly restricted in the

ability to perform either a class of jobs or a broad range of jobs in various classes as

compared to the average person having comparable training, skills and abilities.  The

inability to perform a single, particular job does not constitute a substantial limitation in the

major life activity of working."  29 C.F.R. § 1630.2(j)(3)(i); *see Dupre*, 242 F.3d at 614.  An

employee's "inability to perform one aspect of the job while retaining the ability to perform

the work in general does not amount to a substantial limitation of the activity of working."
*Dutcher*, 53 F.3d at 727 (citing *Chandler v. City of Dallas*, 2 F.3d 1385, 1392 (5th Cir.
1993). "An impairment that affects only a narrow range of jobs can be regarded either as not
reaching a major life activity or as not substantially limiting one." *Sherrod v. Am. Airlines,
Inc.*, 132 F.3d 1112, 1120 (5th Cir. 1998) (quoting *Chandler*, 2 F.3d at 1392).

Whitworth admits he did not have a substantially limiting impairment at the time LEA
terminated him; however, Whitworth argues that LEA regarded him as having such a
substantially limiting impairment and that he had a record of such impairment.

### a. Regarded as Having a Physical Impairment

To make a *prima facie* showing of disability under the "regarded as" prong of the
ADA, the plaintiff must provide sufficient evidence for a reasonable trier of fact to conclude
that he "(1) has an impairment that is not substantially limiting but which the employer
perceives as substantially limiting, (2) has an impairment that is substantially limiting only
because of the attitudes of others, or (3) has no impairment but is perceived by the employer
as having a substantially limiting impairment." *Rodriguez v. ConAgra Grocery Prods. Co.*,
436 F.3d 468, 475 (5th Cir. 2006) (citing *Bridges v. City of Bossier*, 92 F.3d 329, 332 (5th
Cir. 1996)); *Waldrip v. Gen. Elec. Co.*, 325 F.3d 652, 657 (5th Cir. 2003) (citing *Gowesky
v. Singing River Hosp. Sys.*, 321 F.3d 503, 508 (5th Cir. 2003)). "Under the 'regarded as'
prong, the disability status of the plaintiff turns not on the plaintiff's physical condition, but
rather on how the plaintiff was perceived and treated by" his employer. *Deas*, 152 F.3d at

476 n.9. Impairment in this context "means the same kind of impairment as would give rise to protection if it actually existed, that is, one that 'substantially limits one or more of the major life activities of such individual.'" *E.E.O.C. v. R.J. Gallagher Co.*, 181 F.3d 645, 656 (5th Cir. 1999) (quoting 42 U.S.C. § 12102(2)(A) (2000)).  Therefore, the Court must decide whether LEA perceived and treated Whitworth as if he had an impairment that substantially limited a major life activity.

Having reviewed the entire record, the Court finds that Whitworth has produced sufficient evidence to raise a genuine issue of material fact as to whether LEA perceived and treated Whitworth as if he had an impairment that substantially limited a major life activity. Specifically, there is evidence in the record that suggests that LEA thought Whitworth was too expensive to keep on the payroll even though Whitworth assured LEA he would be able to begin traveling after he recovered from his surgeries.   At the time LEA decided to terminate Whitworth, LEA knew that Whitworth was recovering from pancreatic cancer, that he would need to have lung surgery, and that he was expected to undergo radiation and chemotherapy.  Further, LEA considered the effect of Whitworth's medical condition when deciding whether to terminate him.  In light of this evidence, the Court finds that Whitworth has raised a genuine issue of material fact as to whether he had a "disability."

### b. Record of Impairment

Likewise, Whitworth has produced some evidence that he has a record of an impairment.  *See* 42 U.S.C. § 12102(2)(B).  "Although the ADA does not define 'record of

impairment,' the regulations provide: 'Has a record of such impairment' means have a history of physical impairment that substantially limits one or more of the major life activities." *Sherrod*, 132 F.3d at 1120 (quoting 29 C.F.R. § 1630.2(k)).  To prevail on a claim of discrimination, "it is not enough for an ADA plaintiff simply to show that he has a record of a cancer diagnosis"; the plaintiff must show that there is a "record of an impairment that substantially limits one or more of the ADA plaintiff's major life activities." *R.J. Gallagher Co.*, 181 F.3d at 655.

Therefore, in order to prevail on a claim for discrimination based on a record of impairment, the plaintiff must show that at some point in the past he was classified or misclassified as having a mental or physical impairment that substantially limited a major life activity.  *See Sherrod*, 132 F.3d at 1120-21.  After reviewing all the evidence in the record, the Court finds that Whitworth has produced some evidence that Whitworth was classified as having an impairment that substantially limited a major life activity.  The evidence demonstrates that Whitworth in the summer of 2004 was unable to travel and lift objects over thirty-five pounds.  Whitworth's job duties included traveling four days a week and lifting heavy displays.  Further, the evidence demonstrates that in May, June, and July of 2005, Whitworth's medical condition prevented him from traveling.  Both LEA's insurance provider and LEA accused Whitworth of not working since April 2005.  The insurance provider also informed LEA that Whitworth had been unable to work since May 2005.  In

light of the above evidence, the Court finds that Whitworth has raised a genuine issue of material fact as to whether he had a "disability."

Because Whitworth has raised a genuine issue of material fact as to whether he was disabled as "disability" is defined by the ADA, summary judgment is not appropriate on this issue.

### B. Legitimate Non-Discriminatory Reason

Having found that Whitworth has produced enough evidence to raise an issue as to whether he can make a *prima facie* case of discrimination, the burden shifts to LEA to proffer a legitimate, non-discriminatory reason for the adverse employment action. *Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 511 (5th Cir. 2003). LEA satisfied its burden by stating that the reason it fired Whitworth was because Whitworth was not meeting LEA's sales expectations. Because LEA satisfied its burden, the burden again shifts to Whitworth. Whitworth must offer evidence creating a "genuine issue of material fact either (1) that [LEA's] reason is not true, but is instead of pretext for discrimination (pretext alternative); or (2) that [LEA's] reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is Whitworth's disability (mixed-motives alternative)." *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004); *see McInnis v. Alamo Community College Dist.*, 207 F.3d 276, 279 (5th Cir. 2000).

LEA alleges that Whitworth has no evidence that LEA terminated Whitworth because of his disability and therefore, LEA is entitled to summary judgment on Whitworth's

discrimination claim.  Whitworth admits that his sales were not high enough, however, Whitworth argues that Whitworth's disability was a motivating factor in LEA's decision to terminate him.

Considering the evidence in the light most favorable to Whitworth, the evidence demonstrates that LEA considered the effect of Whitworth's disability when deciding whether to terminate him.  Though LEA states that it terminated Whitworth because Whitworth's sales were not meeting LEA's expectations, the evidence demonstrates that LEA never provided Whitworth with target sales goals or benchmarks.  Further, LEA was unable to compare Whitworth's performance with the performance of the previous sales managers or the sales manager that took Whitworth's place.  Having reviewed the evidence in the record, the Court finds that Whitworth has raised a genuine issue of material fact as to whether Whitworth's disability was a motivating factor in LEA's decision to terminate him.  Therefore, summary judgment on this issue is not appropriate.

### IV. Intentional Infliction of Emotional Distress

LEA also moved for summary judgment on Whitworth's claim for intentional infliction of emotional distress.  To prevail on a claim of intentional infliction of emotional distress, the plaintiff must prove that: (1) defendant acted intentionally or recklessly; (2) its conduct was extreme and outrageous; (3) its actions caused the plaintiff emotional distress; and (4) the emotional distress was severe.  *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004);  *Wal-Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 740

(Tex. 2003).  LEA asserts that Whitworth cannot prove LEA's conduct was extreme and outrageous and that LEA caused Whitworth severe emotional distress.  Whitworth did not respond to LEA's motion for summary judgment on these issues.

A defendant's conduct satisfies the extreme and outrageous conduct element only if the conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993) (quoting RESTATEMENT (SECOND) OF TORTS § 46 cmt. d (1965)).  There is no evidence in the record that LEA's conduct in discharging Whitworth was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency.  Because there is no genuine issue of material fact as to this element, LEA is entitled to judgment as a matter of law on this issue.

Further, severe emotional distress "is distress that is so severe that no reasonable person could be expected to endure it."  *GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 618 (Tex. 1999).  There is no evidence in the record that Whitworth suffered any severe emotional distress as a result of LEA's conduct.  Thus, because there is no genuine issue of material fact as to this element, LEA is entitled to judgment as a matter of law on this issue as well.

Having determined that LEA is entitled to judgment as a matter of law on two of the four elements Whitworth bears the burden of proof, the Court grants LEA's motion for summary judgment on Whitworth's claim for intentional infliction of emotional distress.

## V. Conclusion

Because Whitworth has raised a genuine issue of material fact as to whether Whitworth had a disability at the time he was terminated and whether Whitworth's disability was a motivating factor in LEA's decision to terminate him, the Court finds that summary judgment is not appropriate on Whitworth's discrimination claim.  However, Whitworth has failed to raise a genuine issue of material fact as to whether LEA acted with extreme and outrageous conduct that caused Whitworth severe emotional distress, and therefore, the Court finds that LEA is entitled to judgment as a matter of law on Whitworth's claim for intentional infliction of emotion distress.  It is therefore, ORDERED, ADJUDGED, and DECREED that Defendant Law Enforcement Associates, Inc.'s motion for summary judgment be, and hereby is GRANTED IN PART and DENIED IN PART.

**It is SO ORDERED.**

**SIGNED this 27th day of March, 2008.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE